# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **JAMES DANIEL MORRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:23-cv-1236-ACA** |
| | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| **COMMISSIONER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff James Daniel Morrison appeals the decision of the Commissioner of Social Security denying his Title II application for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.    PROCEDURAL HISTORY

Mr. Morrison has an extensive history as a Social Security claimant. (*See r.* at 60–61) (summarizing Mr. Morrison's prior claimant history). Only two of Mr. Morrison's Social Security applications are relevant to this case: the application Mr. Morrison filed in 2015 and the application Mr. Morrison filed in 2021. (*See id.*

at 24). In both applications, Mr. Morrison alleged a disability onset date of October
1, 2015. (*Id.* at 24, 61).

For the 2015 application, Mr. Morrison applied for Title II benefits on
November 9, 2015. (*Id.* at 60). The Commissioner issued an initial denial on
December 30, 2015. (R. at 60; *accord id.* at 24). Mr. Morrison appealed that
determination to an administrative law judge, who affirmed the Commissioner's
determination on March 3, 2020. (*Id.* at 60–82; *accord id.* at 24).

Mr. Morrison filed his 2021 application on January 5, 2021. (R. at 207–22;
*accord id.* at 24). The Commissioner issued an initial denial on May 6, 2021. (*Id.*).
Mr. Morrison appealed that determination to an administrative law judge, who
declined Mr. Morrison's implied and express request to reopen the 2015 application
and subsequently determined that Mr. Morrison "did not meet the insured status
requirements . . . and thus was not entitled to a period of disability and disability
insurance benefits." (R. at 25; *see also id.* at 24) (discussing Mr. Morrison's implied
and express request to reopen the 2015 application). Mr. Morrison appealed that
decision to the Appeals Council, which denied his request on July 24, 2023. (R. at
1). Mr. Morrison timely filed his complaint in this action. (*See* r. at 2; doc. 1).

## II.    STANDARD OF REVIEW

The court's jurisdiction is limited by the Social Security Act, and judicial
review exists over only the "final decision of the Commissioner of Social Security."

42 U.S.C. § 405(g). A decision denying a request to reopen a determination or decision is not a final decision and is therefore not subject to judicial review under 42 U.S.C. § 405(g). 20 C.F.R. § 404.903(*l*).

The court "review[s] de novo the legal principles upon which the ALJ relied." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266–67 (11th Cir. 2015). And if the court finds the ALJ did not apply the correct legal standard, the court must reverse the Commissioner's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III.   THE ALJ'S DECISION

In Mr. Morrison's 2021 application, he alleged a disability onset date of October 1, 2015, which is the same onset date he alleged in his 2015 application that was denied. (*See* r. at 24). His 2021 application requested the ALJ reopen his file to consider new, material evidence that supported his allegation of a 2015 disability onset date. (*See id.* 24, 38).

As is relevant here, an earlier determination or decision may be reopened in three circumstances. 20 C.F.R. § 404.988. First, a decision may be reopened for any reason if the request to reopen is made within twelve months of the decision. *Id.* § 404.988(a). Second, a decision may be reopened for good cause if the request is made within four years of the decision. *Id.* § 404.988(b). Third, a decision can be reopened at any time if there is evidence of fraud. *See id.* § 404.988(c)(1).

3

Here, the ALJ found there were no grounds to reopen the March 3, 2020 decision and determined the period at issue for his 2021 application was March 4, 2020 through the date of its decision. (R. at 25). The ALJ also found Mr. Morrison did not meet the insured status requirement during that period and was not entitled to a period of disability and disability insurance benefits. (*Id.* at 25, 28).

## IV.   DISCUSSION

Mr. Morrison argues the ALJ made two errors. First, he argues the ALJ failed to analyze whether res judicata applied to the prior application. (*See* doc. 8 at 11); 20 C.F.R. § 404.957(c)(1). Second, he argues the ALJ failed to consider a Social Security ruling and guidance in a Social Security Administration's Program Operations Manual System ("POMS"), that permit an ALJ to consider changes in disability criteria or new, material evidence without reopening the file. (*See* docs. 8, 15). He argues both failures resulted in an adjudication that did not include the entire relevant period of disability. (*See* doc. 8 at 13). The court will address each argument in turn.

Section 404.957(c)(1) of the Code of Federal Regulations permits the ALJ to refuse a hearing or consideration of an issue because the doctrine of res judicata applies to the issue. 20 C.F.R. § 404.957(c)(1). Res judicata applies when an ALJ has made a previous, final decision based on the same facts and issues. *Id.* Mr. Morrison argues the ALJ erred by failing to consider if res judicata applied to

4

the March 2020 decision. (*See* doc. 8 at 11). But the ALJ did not deny him a hearing or consideration of an issue because of res judicata. Instead, the ALJ construed his argument as a request to reopen his file, which is governed by a different set of regulations, not the doctrine of res judicata. *Compare* 20 C.F.R. § 404.957(c)(1), *with id.* § 404.988(a)–(c). Therefore, the ALJ's failure to consider whether res judicata applied to the March 2020 decision was not erroneous because the ALJ never relied on the doctrine to refuse consideration of an issue.

Mr. Morrison's second argument fails as well. He contends the ALJ was required to consider changes in disability criteria or new, material evidence, *without* reopening the file. (*See* doc. 8 at 6–8). He argues that footnote 28 of Social Security ruling 18-1p and POMS DI 25501.250 A.5. required the ALJ to do so. (*See* doc. 8 at 6–8). All that is contained in footnote 28 is a citation to POMS DI 25501.250 A.5. SSR 18-1p n.28. So, his argument focuses entirely on the language of the POMS, which "does not have the force of law, [but] . . . can be persuasive." *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003).

In two circumstances, POMS DI 25501.250 A.5. allows an ALJ to establish the disability onset date in a period previously adjudicated *without* reopening the file. *See* POMS DI 25501.250 A.5. First, if more than twelve months passed since the date of the decisions and the disability criteria changed since the prior decision. *Id.* Second, if more than four years passed since the date of the decision and "new

5

and material evidence" establishes a disability onset date within the previously adjudicated period. *Id.*

In response to that argument, the Commissioner argues only that this court lacks jurisdiction to review the ALJ's decision not to reopen Mr. Morrison's file. (*See* doc. 12). The Commissioner make no mention of Mr. Morrison's argument that the ALJ could have considered changes in disability criteria or the new, material evidence he submitted *without* reopening the file. (*See id.*; *see also* doc. 15 at 2–3).

Although the Commissioner is correct that this court lacks jurisdiction to review a decision not to reopen Mr. Morrison's file, that is not the decision from which Mr. Morrison seeks relief. (*See* doc. 12); 20 C.F.R. § 404.903(*l*). He is challenging a decision denying him a period of disability and disability insurance benefits. (*See* r. at 39). Specifically, he challenges the ALJ's failure to consider changes in disability criteria or the new, material evidence he submitted *without* reopening the file. (*Id.* at 28; *see* doc. 8 at 12–13; doc. 15 at 1–3). Therefore, the court is satisfied it has jurisdiction to address Mr. Morrison's appeal.

But the court is not satisfied Mr. Morrison has identified reversible error. Relying on footnote 28 in Social Security ruling 18-1p and POMS DI 25501.250 A.5., Mr. Morrison argues the ALJ erred by not determining his disability onset date in a previously adjudicated period *without* reopening the file. (*See* doc. 8 at 11–12). But the full Social Security rule, which Mr. Morrison never discusses, contradicts

the POMS's language that an ALJ can do so without reopening the file: the rule permits an ALJ to determine a disability onset date in the previously adjudicated period if, among other reasons "our rules for reopening are met." SSR 18-1p; (*see, e.g.*, docs. 8, 15). And a Social Security ruling is binding on the agency. *See also Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1324 n.12 (11th Cir. 2020).

Putting those contradictions about reopening aside, both materials state an ALJ *may* determine a disability onset date in a previously adjudicated period; neither says the ALJ *must* do so. *See* SSR 18-1p (Q: "*May* we determine the EOD to be in a previously adjudicated period?" A: "Yes, if our rules for reopening are met and the claimant meets the statutory definition of disability and the applicable non-medical requirements during the previously adjudicated period. Reopening, however, is at the discretion of the adjudicator.") (emphasis omitted); POMS DI 25501.250 A.5. ("You *may* establish the EOD within a period previously adjudicated, without reopening the prior file . . ."). Mr. Morrison makes no argument about this permissive language, arguing instead that the ALJ was required to conduct the analysis. (*See, e.g.*, doc. 8 at 7). That argument is not supported by the rules.

## V.     CONCLUSION

Mr. Morrison's challenges to the ALJ's decision lack merit. According, the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate final order consistent with this opinion.

7

**DONE** and **ORDERED** this July 8, 2024.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE